UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PERRY FRANCIS MOTOLO, :
: Civil Action No. 11-2819 (RMB)
        Plaintiff, :
:
        v. : **MEMORANDUM OPINION**
:
FEDERAL BUREAU OF PRISONS, :
INC., et al., :
:
        Defendants. :

**APPEARANCES:**

Plaintiff pro se
Perry Francis Motolo
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Plaintiff Perry Francis Motolo, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this civil action asserting violations of his constitutional rights.  More specifically, Plaintiff alleges that his present confinement is unconstitutional because of various flaws in his criminal prosecution.[1]

---

[1] The Court notes that on February 4, 2008, Plaintiff pleaded guilty to 27 counts of mail fraud, money laundering, tax evasion, and other offenses, arising from a Ponzi scheme he operated for ten years involving financial planning services. See United States v. Motolo, Crim. No. 06-0033 (N.D. Ind.).  In an amended judgment filed August 29, 2008, the trial court imposed an aggregate sentence of 294 months.  Plaintiff appealed, arguing that the judgment was void and seeking immediate release. The United States Court of Appeals for the Seventh Circuit dismissed the appeal for want of prosecution.  See United States v. Motolo, C.A. 08-2623 (7th Cir. Apr. 9, 2009).  To date,

Plaintiff does not state the jurisdictional basis for this action, nor does he state what relief he seeks. The pleading submitted here is denominated a "Private Administrative Remedy Demand." This Court construes this as a civil action for declaratory relief.

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, a prisoner seeking to bring a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. <u>Id.</u>

Even if the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee in

---

Plaintiff has not filed a motion to vacate, set aside, or correct the criminal judgement, pursuant to 28 U.S.C. § 2255, in the sentencing court.

installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious,

or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the $350 filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  Accordingly, he has not satisfied the requirements for paying the filing fee or proceeding in forma pauperis in a civil action.  Thus, this action will be administratively terminated.[2]

---

[2] This Court does not construe this action as one for a writ of habeas corpus under 28 U.S.C. § 2241.  Plaintiff has filed at least three petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, including one in this Court, all of which were dismissed for lack of jurisdiction.  See Motolo v. United States, Civil No. 09-5340 (D.N.J.); Motolo v. United States, Civil No. 09-2403 (N.D. Cal.); Motolo v. United States, Civil No. 09-0691 (N.D.N.Y.).

Nevertheless, if this Court were to construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241, the result would be the same.  The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to apply to re-open within 30 days.[3]

An appropriate Order will be entered.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: September 26, 2011

---

deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. Local Civil Rule 81.2(c). Here, Plaintiff did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did he submit an application for leave to proceed in forma pauperis. Thus, he has not satisfied the filing fee requirement for a habeas petition, either.

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).